**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VICTOR BANKS,

Petitioner,

v.

WILLIE SMITH,

Respondent.
_________________________________/

CASE NO. 2:13-CV-10018
HONORABLE ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

ORDER OF SUMMARY DISMISSAL WITHOUT PREJUDICE

This is a habeas corpus petition filed by a state prisoner. Petitioner is incarcerated at the Carson City Correctional Facility. He claims that on March 15, 2012, he pled guilty in the Wayne Circuit Court to one count of felon in possession of a firearm and one count of felony-firearm. The petitioner alleges that he was given a two-year term of probation for the felon in possession conviction and a concurrent term of two years for the felony-firearm conviction. The petition claims that when Petitioner was arrested on November 17, 2011 for these offenses, he had served his maximum sentence for his parole sentence. He alleges that the trial court and Michigan Department of Corrections failed to acknowledge that his parole sentence had expired, and that as a result, he was denied 137 days of jail credit for his current sentence. Petitioner states that he has never presented his claims to the state courts. For the reasons set forth below, the Court dismisses the petition without prejudice.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner

is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). Petitioner's application for habeas relief contains only unexhausted claims; therefore, the petition will be dismissed.

A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). Michigan prisoners must raise their claim(s) in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

In this case, Petitioner concedes that he has not presented his claims to the Michigan courts. Petitioner has an available state court remedy because claims of this nature may be raised in the trial court by way of a motion for relief from judgment under Michigan Court Rule 6.502. *See People v. Idziak*, 484 Mich. 549, 553 (2009).

Because the petition contains no exhausted claims, the court does not have jurisdiction. The petition will therefore be summarily dismissed without prejudice so that Petitioner may continue to await exhaustion of his state court remedies. *See Hudson v. Martin*, 8 Fed. Appx. 352 (6th Cir. 2001).

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on the merits of the claims presented, a certificate may issue if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, when a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, a certificate may issue if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right; and (2) the district court was correct in its procedural ruling. *Id.* at 484-85.

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be summarily dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

Accordingly, for the foregoing reasons,

**IT IS ORDERED**, that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that a certificate of appealability is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 10, 2013

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 10, 2013, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant